IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-118 |
| | ) | |
| MICHAEL ISSAC BETHEL, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's Motion for Specific Brady Information [Doc. 23] and Motion to Sever for Trial [Doc. 24], both filed on December 25, 2008. The parties appeared before the Court for a scheduled pretrial conference and motion hearing on January 21, 2009. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the government. Attorney Bruce E. Poston represented the defendant, who was also present. At the hearing, defense counsel stated that the government had provided the information requested in the Brady motion [Doc. 23] and that motion was now moot. Accordingly, the defendant's Motion for Specific Brady Information [**Doc. 23**] is **DENIED as moot**.

The Superseding Indictment [Doc. 18] charges the defendant with eleven counts relating to five separate bank robberies in Knoxville, Tennessee: The robbery of the Check World on July 25, 2008 (count one), the robbery of the Title Max on July 10, 2008 (count three), the

1

robbery of the Cash Express on July 17, 2008 (count five), the robbery of the Advance America Cash Advance on July 17, 2008 (count seven), and the robbery of the Check Advance of America on July 19, 2008 (count nine). Counts two, four, six, eight, and ten allege that the defendant used, carried, and brandished a firearm in relation to each of the five robberies. Count eleven charges the defendant with being a felon in possession of a Kel-Tec, 9 mm semiautomatic pistol and ammunition on July 25, 2008.

In his motion to sever, the defendant asks that counts one and two, which relate to the July 25, 2008 robbery of Check World, be severed from the remaining counts because he would sustain substantial prejudice from a joint trial of all the offenses. He contends that the government's evidence of the July 25th robbery is strong and includes clear photographs of the unmasked perpetrator, a gun left at the scene, and a photo line-up identification by witnesses to the robbery. On the other hand, he asserts that the evidence of the other four robberies is weak. He points out that these four robberies, which occurred before July 25, involved a masked perpetrator. He argues that the government will use the evidence from the July 25th robbery to bolster the weaker counts relating to the four other robberies.

The government responds [Doc. 27] that the defendant has failed to show substantial prejudice from a joint trial of all eleven counts. It maintains that the five robberies in question occurred in Knoxville, Tennessee, over a two-week period. It contends that the evidence of these robberies is straightforward, that a jury would be able to separate the evidence relating to the specific robberies chronologically, and that a single trial would conserve judicial resources. Finally, it asserts that much of the evidence of the other robberies would be admissible in the separate trials of the five robberies under Rule 404(b), Federal Rules of Evidence, because the similarities in the

2

robberies show that the perpetrator used a signature style and, thereby, help prove the perpetrator's identity.

At the January 21 hearing, the defendant argued that the trial of the July 25th robbery should be severed from the trial of the other four robberies because the substantial evidence available to support a conviction of counts one and two would spill over to the other, weaker counts. He contended that unlike for the July 25th robbery, the government has no tangible evidence and no photo identification in the other four robberies. He asserted that the witnesses would be unique to each robbery so that there would not be a problem with witnesses having to testify at multiple trials. Finally, he maintained that the felon in possession count, count eleven, could be tried with counts one and two, relating to the July 25th robbery.

The government argued that the eleven counts were properly joined under Rule 8, Fed. R. Crim. P. It argued that evidence of each of the robberies was admissible at the trial of the others under Rule 404(b). It asserted that the five robberies occurred within a two-week period at check cashing establishments located close to each other. The descriptions of the perpetrators were the same for each robbery, with the exception of the absence of a mask in the July 25th robbery. The perpetrator of each of the robberies said the same words, used the same or a similar gun, and tied up witnesses with the same type of "twist ties." The government also argued that the jury was capable of separating the evidence relating to the specific robberies because the evidence could be presented chronologically. Thus, it maintained that the defendant had failed to show any prejudice resulting from a single trial.

The defendant responded that he would object to the government presenting evidence of the other robberies under Rule 404(b) at a separate trial of counts one, two, and eleven. He stated

3

that the prejudice arising from such evidence would substantially outweigh the probative value of the evidence and that the more similar the robberies were, the more prejudicial the evidence of the other four robberies would be. Although he questioned whether the Rule 404(b) issue was properly before the Court at this time, he agreed that if evidence of the other robberies were admissible under Rule 404(b) at a separate trial of the counts relating to the July 25th robbery, a separate trial of those counts would be pointless.

Rule 14 permits severance of properly joined counts, if the joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14. Rule 14 expressly provides for the consideration of evidence beyond the mere face of the indictment in stating that "[b]efore ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence." Fed. R. Crim. P. 14.

In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). As a general rule, severance should be granted only if a defendant can show "substantial," "undue," or "compelling" prejudice. United States v. Warner, 971 F.2d 1189, 1196 (6th Cir. 1992) (quoting tests from other Sixth Circuit cases). In light of the preference for joint trials, when joinder is proper under Rule 8, a court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

The defendant argues in essence that a single trial would prevent the jury from

4

making a reliable determination of his guilt because the jury might use the purportedly greater evidence relating to counts one and two to infer that he is also guilty of the other counts. The defendant contends that the "spillover effect" of the evidence relating to the July 25th robbery would prevent the jury from arriving at a reliable verdict on the counts relating to the other four robberies.

The Sixth Circuit has held that "a jury is presumed capable of sorting out evidence and considering each count and each defendant separately." United States v. Swift, 809 F.2d 320, 323 (6th Cir. 1987) (affirming joint trial of defendants when much of the evidence was admissible against all defendants and trial court instructed jury to give each defendant separate consideration). Thus, for a defendant to establish substantial prejudice from a "spillover" of evidence, he must show that the jury will not be able to separate and treat as distinct the evidence relating to each count. United States v. Murphy 836 F.2d 248, 256 (6th Cir. 1988); United States v. Moore, 917 F.2d 215, 220 (6th Cir. 1990) (examining failure to sever defendants). Disparities in the quality or quantity of evidence relating to counts or defendants does not, alone, require a severance. United States v. Hang Le-Thy Tran, 433 F.3d 472, 478 (6th Cir. 2006) (examining failure to sever arson counts); Moore, 917 F.2d at 220 (holding that "a defendant is not entitled to a severance simply because the evidence against a co-defendant is far more damaging than the evidence against him"). The defendant must still show that differences in the "quantum" of evidence relating to separate counts creates a "'substantial risk that the jury could not compartmentalize or distinguish between the evidence' produced on each count." Hang Le-Thy Tran, 433 F.3d at 478 (quoting United States v. Williams, 711 F.2d 748, 751 (6th Cir. 1983)).

In the present case, the fact that the robberies occurred at separate times[1] and at

---

[1] The Court notes that the robberies of the Cash Express (count five) and of Advance America Cash Advance (count seven) are both alleged to have occurred on July 17, 2008.

separate locations will permit the jury to distinguish the evidence relating to each robbery. Moreover, the trial court can instruct the jury to consider the evidence relating to each count separately. Accordingly, the Court finds that the defendant has failed to show substantial or compelling prejudice will arise from a joint trial of all eleven counts.

Finally, although the issue of whether evidence of the July 25th robbery would be admissible at a separate trial of the other four robberies is not before the Court, the government makes a compelling argument that such evidence would be admissible under Rule 404(b) to show identity. Rule 404(b), Fed. R. Evid., provides in pertinent part that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." In determining whether 404(b) evidence is admissible, the Court must make a three part inquiry: (1) Did the other crime, wrong, or act occur?, (2) Is the evidence in question relevant to a material issue other than character?, and (3) Whether the danger of unfair prejudice from the admission of the evidence substantially outweighs its probative value. See United States v. Johnson, 27 F.3d 1186, 1190 (6th Cir. 1994). Here the danger of unfair prejudice turns upon whether the jury will be able to separate the evidence with regard to the five robberies. The Court has already found that they will be able to do so. Accordingly, without deciding the 404(b) issue, the Court finds this argument at least weighs in favor of joinder of all five robberies for trial.

The Court finds that the defendant has failed to show that the prejudice from a single trial outweighs the public's interest in avoiding multiple trials. Thus, the defendant's Motion to

---

Nevertheless, the defendant does not object to the joint trial of these two offenses.

Sever for Trial [**Doc. 24**] is **DENIED**.

Accordingly, it is **ORDERED**:

(1) The defendant's Motion for Specific Brady Information [**Doc. 23**] is **DENIED as moot**, and

(2) The defendant's Motion to Sever for Trial [**Doc. 24**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge

7

Case 3:08-cr-00118-PLR-CCS   Document 29   Filed 02/23/09   Page 7 of 7   PageID #: 78