UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| MICHAEL ISSAC BETHEL, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case Nos. 3:08-cr-118 |
| | ) | 3:11-cv-495 |
| v. | ) | |
| | ) | Judge Reeves |
| UNITED STATES OF AMERICA, | ) | |
| *Respondent*. | ) | |

## **MEMORANDUM OPINION**

The Petitioner filed his Motion to Vacate, Set Aside or Dismiss indictment pursuant to 28 U.S.C. § 2255 on October 19, 2011. [Doc 43].

In the Petition, he makes several "arguments" which will be addressed in summary fashion. In Argument One he makes an ineffective assistance of counsel claim based on the alleged submission of falsified documents. He does not state what documents were falsified or submitted.

In Argument Two, he alleges the indictment should be dismissed as defective and invalid. He does not state the basis for his allegations of defectiveness or invalidity.

In Argument Three he alleges the district court erred in its ruling regarding the admissibility of Rule 404(b) evidence, and alleges his indictment never went before the grand jury, and the superseding indictment changed the charges from the initial indictment. He offers little in the way of explanation or facts.

In Argument Four he alleges the government failed to prove a jurisdictional requirement i.e., that the Hobbs Act robbery pleas involved "federally insured banks."

This matter was assigned a civil filing number 3:11-cv-495 the next day, October 20, 2011, and the case was reassigned to District Judge Pamela Reeves on July 18, 2014 [Doc 2].

The government responds [Doc 47], alleging the Petitioner's ineffective assistance of counsel claim should be denied because he fails to satisfy either part of the Strickland test by not specifically identifying what his counsel did that was ineffective, nor identifying what prejudice the petitioner sustained. The government also points out the Superseding Indictment [Doc 18], was presented to the grand jury and returned with the signature of the foreperson. The government notes it never submitted any Rule 404(b) evidence, let alone any objectionable Rule 404(b) evidence. Finally, the government notes petitioner was not charged with bank robbery, but with Hobbs Act robberies, (robbing check cashing businesses) so that proof of FDIC insurance or "federally insured banks" was not required.

The government further argues the Petitioner procedurally defaulted and waived any right to raise any § 2255 challenge regarding pretrial rulings as to Rule 404(b) evidence because he unconditionally pled guilty, and failed to file a direct appeal of his conviction.

2

Case 3:08-cr-00118-PLR-CCS   Document 67   Filed 07/21/15   Page 2 of 3   PageID #: 195

Thereafter, the petitioner filed several supplemental legal memorandums [Docs 51, 55, 56, and 57], which for the reason discussed immediately below, need not be addressed.

The court need not consider the arguments, substance or merits of the Petitioner's claims in his petitions and memorandums for 28 U.S.C. § 2255 relief as on June 27, 2014, Petitioner filed a motion for voluntary dismissal without prejudice, of his Petition under Federal Rules of Civil Procedure 41 [Doc 58]. In his motion, the petitioner seemingly acknowledges his tacit agreement with the government's responses and arguments. The government has neither objected nor responded to this motion, and is thus deemed not to object.

Accordingly, for good cause shown, petitioner's motion to voluntarily dismiss his § 2255 motion [Doc. 58], is **GRANTED**, and his motion filed pursuant to 28 U.S.C. § 2255 [R. 43] is hereby **DISMISSED without prejudice**. Accordingly, a judgment will enter **DENYING** the motion.

The Court finds that because all of the claims presented in the motion are being voluntarily dismissed, a hearing is unnecessary in this case.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**