`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:08-CR-118 |
| | ) | |
| MICHAEL ISSAC BETHEL | ) | |

## MEMORANDUM AND ORDER

Before the Court are several motions filed by defendant: (1) "Judges Sua Sponte Authority" jurisdiction [Doc. 80]; (2) motion for court records and appointment of counsel [Doc. 81]; (3) motion for appointment of counsel [Doc. 82]; and (4) motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Defendant asks the Court to reduce his sentence to "time served." For the following reasons, defendant's motions are denied.

Defendant was charged in an 11-count indictment with five counts of Hobbs Act robbery with a firearm, and one count of being a felon in possession of a firearm [Doc. 18]. Pursuant to a plea agreement, defendant pled guilty to two counts of using a firearm in furtherance of the Hobbs Act robberies [Doc. 37]. The government dismissed the remaining counts of the indictment at sentencing. Pursuant to 18 U.S.C. § 924(c), defendant faced a mandatory 7-year sentence on the first firearm count and a mandatory 25-year sentence on the second, the sentences to run consecutively, for a total sentence of 32 years imprisonment. On May 6, 2011, defendant was sentenced to 384 months (32

years) imprisonment [Doc. 42].  Defendant did not appeal his conviction or sentence. Defendant is currently scheduled to be released from the Bureau of Prisons on February 23, 2037.

Defendant later filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 on October 19, 2011 [Doc. 43].  Defendant voluntarily dismissed that motion [*see* Docs. 67, 68].  He later submitted a second petition attacking his conviction based on the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2252 (2015) [Doc. 51]. Because this filing constituted a second or successive § 2255 motion, the Court transferred the motion to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  The Sixth Circuit denied defendant's motion for authorization to file a second or successive § 2255 motion finding that *Johnson* did not invalidate the residual clause of 18 U.S.C. § 924(c)(3)(B) [Doc. 77].

Defendant filed another motion for sentence reduction on December 1, 2014 [Doc. 61].  That motion was denied by the Court finding that defendant was sentenced to the statutory minimum term of imprisonment for two violations of § 924(c); the statute had not been amended; and there was no basis to reduce his sentence [Doc. 79].

Defendant now moves for a sentence reduction citing the Supreme Court decision in *Sessions v. Dimaya,* 138 S. Ct. 1204 (2018) and *United States v. Davis,* 139 S. Ct. 2319 (2019).  He also moves for compassionate release due to his chronic lung condition – tuberculosis.

Pursuant to the Court's SO 19-04, Federal Defender Services reviewed defendant's motions to reduce sentence in light of *Davis* and filed a Notice that it did not intend to file any pleadings on defendant's behalf [Doc. 83].

**A. 18 U.S.C. § 924(c) Conviction**

Defendant challenges the constitutionality of § 924(c)'s "residual clause" in light of the holdings in *Dimaya* and *Davis*. Section 924(c) authorizes heightened criminal penalties for using, carrying, or possessing a firearm in connection with any federal crime of violence. A crime of violence for purposes of a § 924(c) conviction is defined in two subparts. The first part, which is generally referred to as the "elements clause," defines a crime of violence as one that has "as an element, the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A). The second part, which is referred to as the "residual clause," defines crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B).

In *Dimaya,* the Supreme Court invalidated the residual clause in 18 U.S.C. § 16(b), which defined "crime of violence" under the Immigration and Nationality Act. *Dimaya,* 138 S. Ct. at 1214-15. In *Davis,* the Supreme Court held that § 924(c)(3)(B)'s residual clause defining a "crime of violence" is unconstitutionally vague. Accordingly, any § 924(c) conviction where the predicate offense was a crime of violence under the residual clause is unconstitutional under *Davis*. However, § 924(c) convictions where the predicate offense was a crime of violence under the elements clause remain valid. *See United States*

*v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020) (*Davis* leaves intact a separate definition of crime of violence supplied by the statute's "elements clause").

Relevant here, the Sixth Circuit has concluded that Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3)(A). *United States v. Camp,* 903 F.3d 594, 597 (6th Cir. 2018); see also *United States v. Gooch,* 850 F.3d 285, 291-92 (6th Cir. 2017) (Section 1951(b)(1) clearly "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" as necessary to constitute a crime of violence under § 924(c)(3)(A). The rulings in *Dimaya* and *Davis* address only the residual clause, and thus, do not impact defendant's case and relief must be denied.

## B. First Step Act/CARES Act

Next, the Court will address defendant's pro se motions to reduce sentence or release to home confinement pursuant to the First Step Act/CARES Act. In support of his motion, defendant states that he suffers from a chronic lung condition – tuberculosis – which puts him at increased risk of infection, grave illness, and death due to COVID-19. Defendant states he submitted a request for compassionate release to the Warden at his facility but has not submitted a copy of his request or any denial of his request from the Warden.

A district court may only amend a final judgment when Congress has given it authority to do so by statute. *United States v. Thompson,* 714 F.3d 946, 948 (6th Cir. 2013). Courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic – the Coronavirus Aid, Relief, and Economic Security Act (CARES Act),

4

Pub. L. No. 116-136, 134 Stat. 281 (2020), and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A).

First, Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id; accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." However, 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that defendants may move for what is often called compassionate release only "*after* the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Here, defendant states he submitted a request for compassionate release to the Warden at his facility which was denied. But, defendant has not provided the court with any proof showing that he submitted a request or that the Warden denied his request. Even in the midst of the COVID-19 pandemic, the Court cannot disregard the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), as set forth by Congress. *United States v. Boyd,* 2020 WL 2106023 at *1 (E.D.Tenn. May 1, 2020). Thus, the Court cannot weigh the

5

merits of defendant's motion under the "compassionate release" framework until the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A)(i) is satisfied.

While it sympathizes with defendant's concerns, the Court does not have the power to reduce his sentence until the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) have been met. Therefore, defendant's motions for sentence reduction [Doc. 80, 84] are **DENIED.**

Defendant's motions for appointment of counsel and for copies of records and transcripts [Doc. 81, 82] are also **DENIED.**

The Clerk is directed to send a copy of this Memorandum and Order to Michael Bethel, #32297-074, Federal Correctional Institution, P.O. Box 725, Edgefield, South Carolina 29824.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**